UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIONISIO CASTILLO, ANGEL PIGUERO, and MODESTO GUERRERO,<br><br>        Plaintiffs,<br><br>-against-<br><br>ELG PARKING INC., 169TH STREET PARKING CORP., ELG & 169TH STREET PARKING CORPORATION, BISHOP JOSEPH ALEXANDER, and RAYMOND LOPEZ,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs Dionisio Castillo, Angel Piguero, and Modesto Guerrero, by and through their attorneys, Fisher Taubenfeld LLP, allege against Defendants ELG Parking Inc. ("ELG Parking"), 169th Street Parking Corp. ("169th Street Parking"), ELG & 169th Street Parking Corporation ("ELG & 169th Street Parking"), Bishop Joseph Alexander ("Alexander"), and Raymond Lopez ("Lopez") (collectively "Defendants"), as follows:

**NATURE OF THE ACTION**

1. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.* against Defendants ELG Parking, 169th Street Parking, ELG & 169th Street Parking, Alexander, and Lopez for willfully failing to pay Plaintiffs Dionisio Castillo, Angel Piguero, and Modesto Guerrero applicable minimum and overtime wages.

2. This action also arises under the New York Labor Law against Defendants ELG Parking, 169th Street Parking, ELG & 169th Street Parking, Alexander, and Lopez for willfully failing to pay Plaintiffs Dionisio Castillo, Angel Piguero, and Modesto Guerrero applicable minimum and overtime wages.

1

3. This action also arises under the New York Labor Law against Defendants ELG Parking, 169th Street Parking, ELG & 169th Street Parking, Alexander, and Lopez for willfully failing to provide compliant wage notice and wage statements to Plaintiffs Dionisio Castillo, Angel Piguero, and Modesto Guerrero.

4. Finally, this action also arises under the New York Labor Law against Defendants ELG Parking, 169th Street Parking, ELG & 169th Street Parking, Alexander, and Lopez for willfully failing to provide spread-of-hours payments to Plaintiffs Castillo and Piguero.

5. By this action, Plaintiffs seek actual and statutory damages, interest, costs, and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action because it involves a question of federal law, 29 U.S.C. § 201 *et seq*.

7. This Court has supplemental jurisdiction over the state law claims because the state law claims are so related to the claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

9. Defendant ELG Parking is a domestic business corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant maintains its principal place of business at 1240 Edward L Grant Hwy, The Bronx, NY 10452. Defendant ELG Parking is the successor in interest to Defendant ELG & 169th Street Parking for purposes of liability to

Plaintiffs for their unpaid wages under the FLSA and NYLL. Specifically, and upon information and belief, Defendant ELG Parking, through its agents Defendant Alexander and Lopez, was on notice that Defendant's predecessor, Defendant ELG & 169th Street Parking had failed to pay Plaintiffs in accordance with the FLSA and NYLL. In fact, Defendant ELG Parking continued the practice by paying Plaintiffs in the identical unlawful manner as Defendant ELG & 169th Street Parking had paid Plaintiffs. Further, Defendant ELG Parking's predecessor, Defendant ELG & 169th Street Parking, cannot satisfy a judgment in favor of Plaintiffs in this action because, on information and belief, Defendant Alexander transferred all assets of Defendant ELG & 169th Street Parking to Defendant ELG Parking. Further, Defendant ELG Parking employed the same employees and managers as Defendant ELG & 169th Street Parking and used the same facilities and materials.

10. Defendant 169th Street Parking is a domestic business corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant 169th Street Parking maintains its principal place of business at 1240 Edward L Grant Hwy, The Bronx, NY 10452. Defendant 169th Street Parking is the successor in interest to Defendant ELG Parking for purposes of liability to Plaintiffs for their unpaid wages under the FLSA and NYLL. Specifically, and upon information and belief, Defendant 169th Street Parking was on notice that Defendant's predecessor, Defendant ELG Parking had failed to pay Plaintiffs in accordance with the FLSA and NYLL. In fact, Defendant 169th Street Parking continues the practice by paying Plaintiffs in the identical unlawful manner as Defendant ELG Parking had paid Plaintiffs. Further, Defendant 169th Street Parking predecessor, Defendant ELG Parking, cannot satisfy a judgment in favor of Plaintiffs in this action because, on information and belief, it no longer possesses any assets.

Further, Defendant 169th Street Parking employed the same employees as Defendant ELG Parking and used the same facilities and materials

11. Defendant ELG & 169th Street Parking is an inactive domestic business corporation organized and previously existing under the laws of the State of New York. Upon information and belief, Defendant maintained its principal place of business at 1240 Edward L Grant Hwy, The Bronx, NY 10452.

12. Defendant Alexander is an adult natural person, and at all times relevant was the owner/operator and CEO of Defendants ELG Parking, 169th Street Parking, and ELG & 169th Street Parking. Defendant directly or indirectly employed Plaintiffs under the meaning of the FLSA and NYLL. Specifically, Defendant Alexander hired Plaintiffs, assigned their work, their schedules, and set their rate and methods of payment, among other things.

13. Defendant Lopez is an adult natural person. At all relevant times, Defendant directly or indirectly employed Plaintiffs under the meaning of the FLSA and NYLL. Specifically, Defendant Lopez assigned and supervised the job duties of Plaintiffs during their employment with Defendants ELG Parking, 169th Street Parking, and ELG & 169th Street Parking, as well as controlled their work schedules, among other things.

## FACTUAL ALLEGATIONS

14. At all times relevant herein, Defendants operated a parking lot in the Bronx, New York.

15. At all times relevant herein, Defendants charged a rate of at least $7 to customers to park their vehicles at the parking lot.

16. At all times relevant herein, Defendants' parking lot has approximately 140 parking spaces available to park vehicles.

17. At all times relevant herein, Defendants' parking lot is open 365 days per year, 24 hours per day.

18. As such, at all times relevant herein, Defendants' parking lot operation generated an annual gross volume of sales not less than $500,000 for each year Defendants employed Plaintiffs.

19. Defendants hired Plaintiffs as parking lot attendants to work at Defendants' parking lot in the Bronx, NY.

20. Defendants' parking lot is situated near New Jersey and Connecticut. As such, a substantial part of Plaintiffs work included parking and unparking vehicles that travelled from out of state.

21. As such, Defendants have been and/or continue to be "employers" engaged in "commerce" within the meaning of 29 U.S.C. § 203(s)(A)(i), and Plaintiffs have been and/or continue to be "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce" within the meaning of 29 U.S.C. § 203(s)(A)(i).

22. At all times relevant herein, Defendants paid Plaintiffs $340 weekly in cash, regardless of the number of hours Plaintiffs worked per week.

23. At all times relevant herein, Defendants did not require, and Plaintiffs did not take regular, uninterrupted lunch breaks.

24. At all times relevant herein, Defendants did not keep an accurate record of the number of hours Plaintiffs worked.

25. At no time did Defendants provide Plaintiffs with wage notices, tip credit notices, or wage statements that complied with the NYLL or FLSA.

26. Plaintiff Dionisio Castillo worked for Defendants as a parking lot attendant in their Bronx, NY parking lot from November 8, 2018 to February 13, 2021.

27. Plaintiff Castillo regularly worked 12 hours per day, five days per week as a parking lot attendant, but was not compensated at a premium rate for hours worked over 40 in any given workweek.

28. Plaintiff Angel Piguero worked for Defendants as a parking lot attendant in their Bronx, NY parking lot from November 2, 2019 to present date.

29. Plaintiff Piguero regularly worked 12 hours per day, five days per week as a parking lot attendant, but was not compensated at a premium rate for hours worked over 40 in any given workweek.

30. Plaintiff Modesto Guerrero worked for Defendants as a parking lot attendant in their Bronx, NY parking lot from August 10, 2015 to present date.

31. Plaintiff Guerrero regularly worked 7.5 hours per day, six days per week as a parking lot attendant, but was not compensated at a premium rate for hours worked over 40 in any given workweek.

32. For this work, Defendants paid Plaintiffs a set salary each week.

33. Defendants paid Plaintiffs Castillo and Piguero $340 and Plaintiff Guerrero $335.

## FIRST CAUSE OF ACTION
### Overtime Wage Violations under the Fair Labor Standards Act of 1938
### As Against all Defendants

34. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

35. During the applicable statute of limitations period, Plaintiffs regularly worked more than 40 hours in a given work week for Defendants.

36. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiffs wages at the applicable overtime rate for all hours worked over 40 in a given work week

and willfully failed to record and maintain Plaintiffs' accurate timekeeping records, in violation of the FLSA.

37. As a result, Plaintiffs seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### Overtime Wage Violations under the New York Labor Law
### As Against all Defendants

38. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

39. During the applicable statute of limitations period, Plaintiffs regularly worked more than 40 hours in a given work week for Defendants.

40. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiffs wages at the applicable overtime rate for all hours worked over 40 in a given work week in violation of the NYLL.

### THIRD CAUSE OF ACTION
### Minimum Wage Violations under the Fair Labor Standards Act of 1938
### As Against all Defendants

41. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

42. During the applicable statute of limitations period, Plaintiffs regularly worked for Defendants.

43. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiffs minimum wages at the applicable minimum rate for all hours worked in a given work week and willfully failed to record and maintain Plaintiffs' accurate timekeeping records, in violation of the FLSA.

44. As a result, Plaintiffs seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Minimum Wage Violations under the New York Labor Law
### As Against all Defendants

45. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46. During the applicable statute of limitations period, Plaintiffs regularly worked for Defendants.

47. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiffs minimum wages at the applicable minimum rate for all hours worked in a given work week and willfully failed to record and maintain Plaintiffs' accurate timekeeping records, in violation of the NYLL..

48. As a result, Plaintiffs seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Wage Notice Violations under the New York Labor Law
### As Against all Defendants

49. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

50. At no time during Defendants' employment of Plaintiffs did Defendants proffer NYLL-compliant wage notices to Plaintiffs pursuant to § 195(1) of the NYLL.

51. As a result, Plaintiffs seek actual and statutory damages, interest, costs, and reasonable attorney's fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION
### Wage Statement Violations under the New York Labor Law
### As Against all Defendants

52. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

53. At no time during Defendants' employment of Plaintiffs did Defendants proffer NYLL-compliant wage statements to Plaintiffs pursuant to § 195(3) of the NYLL.

54. As a result, Plaintiffs seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### Spread of Hours Violations under the New York Labor Law
### As Against all Defendants

55. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

56. Defendant failed to pay Plaintiffs Castillo and Piguero an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiffs worked a spread of hours that exceeded 10 hours (or a shift in excess of 10 hours) in violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-3.4.

57. Defendant willfully violated the rights of Plaintiffs Castillo and Piguero by failing to pay them the wages due and owing for work performed in violation of the NYLL.

58. As a result, Plaintiffs seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully seek the following relief:

    a. An order awarding actual damages under the FLSA and/or NYLL;

    b. An order awarding statutory damages under the FLSA and/or NYLL;

    c. An order awarding prejudgment interest;

    d. An order awarding Plaintiffs' costs and reasonable attorneys fees'; and

    e. All other relief the Court deems just and proper.

Dated:    March 24, 2021
              New York, New York

                                        Respectfully submitted,

                By:   _____
                        Michael Taubenfeld, Esq.
                        FISHER TAUBENFELD LLP
                        233 Broadway, Suite 1700
                        New York, New York 10007
                        Phone: (212) 571-0700
                        Facsimile: (212) 505-2001
                        Email: michael@fishertaubenfeld.com
                        *ATTORNEYS FOR PLAINTIFFS*