USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/15/2022

# MEMO ENDORSED

# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

June 14, 2022

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Castillo *et al.* v. ELG Parking, Inc. *et al.*
Case No.: 21-cv-2550 (AT) (KHP)

> *The conference on June 17, 2022 is converted to a telephonic conference. The parties shall dial 866-434-5269 code 4850267. The Court will address the remaining requests during the conference.*
>
> *Katharine H. Parker*
> *USMJ    6/14/2022*

Dear Judge Parker:

       We represent Plaintiffs in this matter. We write to respectfully request that the Court (1) compel the answering Defendants ELG Parking, Inc. and Bishop Joseph Alexander ("Answering Defendants") to respond to Plaintiffs' Document Requests, which Defendants have not yet responded to; (2) extend the fact discovery deadline from June 23, 2022 to August 12, 2022 so that Plaintiffs can receive Answering Defendants' responses to Document Requests and take depositions, and (3) convert the June 17, 2022 conference to a telephone conference. This is the second request to compel, and the fourth request to extend discovery.

       This case involves Defendants' violations of the FLSA and NYLL when paying Plaintiffs for their work at a parking garage owned by Answering Defendants. In short, Defendants grossly underpaid Plaintiffs for the extensive hours they worked. Answering Defendants, however, deny hiring Plaintiffs and claim that Defendant Lopez, their employee, acted without their knowledge. All other Defendants, including Defendant Lopez, has defaulted.

       As the Court is aware, Plaintiffs served their discovery demands and Interrogatories on March 14, 2022. (Exhibit 1 – Document Requests). Answering Defendants did not respond to the requests, and on May 9, 2022, Plaintiffs moved to compel. Subsequently, Answering Defendants produced responses to Interrogatories and some of the individual Defendant's tax returns and bank statements, and the Court denied the motion as moot. However, while Answering Defendants responded to Interrogatories, Answering Defendants did not respond to Document Requests, and on June 1, 2022, Plaintiffs sent Answering Defendants a deficiency letter. (Exhibit 2 – Deficiency Letter). After receiving no response, Plaintiffs followed up yesterday, but Answering Defendants have yet to respond.

The Court should compel Answering Defendants to provide responses to Plaintiffs' Document Requests.[1] Plaintiffs cannot engage in depositions without Answering Defendants' responses, which are now months overdue. Plaintiffs have made every effort to obtain the responses without requesting judicial intervention but to no avail. Plaintiffs' Document Requests request crucial documents, such as tax returns, necessary to establish enterprise liability under the FLSA. They also request important documents such as communications between Answering Defendants and Defendant Lopez, who Answering Defendants claim hired Plaintiffs without their knowledge. Communications between Defendant Lopez and Answering Defendants would show what knowledge, if any, Answering Defendants had of Plaintiffs' employment and pay. Accordingly, Plaintiffs respectfully request that the Court compel Defendants to provide responses.

Further, Plaintiffs request that the Court adjourn the discovery end date for approximately 45 days to August 11, 2022. Because Answering Defendants have not yet provided their responses, Plaintiffs cannot schedule depositions or complete discovery in this case. Further, I will out of the country from July 4, 2022 until July 20, 2022 for a family vacation. Accordingly, Plaintiffs respectfully request that the Court extend the discovery deadline until August 12, 2022.

Finally, Plaintiffs respectfully request that the Court convert the June 17, 2022 conference to a telephone conference. I am scheduled to attend a virtual mediation on that date in Rene v. 31 East 21 Express Inc. et al., Case No.: 21-cv-7435 (JGK)(KHP). The mediation was originally scheduled for June 7, 2022 but had to be adjourned and with great difficulty has now been rescheduled for June 17, 2022. Adjourning the mediation again will likely push it past my vacation in July and past the current discovery end date in that case. We therefore respectfully request that the Court convert the June 17, 2022 conference to a telephone conference.

Thank you for your attention to the above.

Respectfully Submitted,

------------------/s/-----------
Michael Taubenfeld

Encl.

---

[1] Although Plaintiffs have identified deficiencies in Answering Defendants' Interrogatory Responses, they are not moving to compel those responses and will obtain the information through depositions.