USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIONISIO CASTILLIO, ANGEL PIGUERO, and MODESTO GUERRERO,

                  Plaintiffs,

-against-

ELG PARKING INC., 169TH STREET PARKING CORP., ELG & 169TH STREET PARKING CORPORATION, BISHOP JOSEPH ALEXANDER, and RAYMOND LOPEZ,

                  Defendants.

**ORDER**

1:21-CV-2550 (AT) (KHP)

---

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs, former parking lot attendants, bring this action against Defendants asserting that Defendants failed to properly pay them in violation of the Fair Labor Standards Act and the New York Labor Law.  (ECF No. 1.)  The Complaint was filed on March 21, 2021, after which time the parties engaged in an unsuccessful mediation.   On December 14, 2021, the Honorable Analisa Torres adopted the parties' joint proposed case management plan, which provided that discovery would be completed by February 4, 2022.  (ECF No. 25.)  At the parties' request, Judge Torres granted two extensions of that deadline.  (ECF Nos. 28, 30.)

      On May 9, 2022 and again on June 14, 2022, Plaintiffs moved to compel discovery because Defendants had failed to respond to Plaintiff's discovery demands.  (ECF Nos. 31, 37.) Judge Torres referred the case to the undersigned for General Pretrial, (ECF No. 32), and I granted a lengthy extension of the discovery deadlines to permit Defendants additional time to respond to Plaintiff's demands.  (ECF No. 40.)  Over the course of the next several months, the

parties continued to make numerous requests for extensions of the discovery deadlines, largely due to Defendants' failure to timely participate in discovery, and I granted most of these requested extensions. (ECF Nos. 46, 51, 58, 64, 67.) On February 28, 2023, I granted a "final extension of the discovery deadlines" until March 20, 2023. (ECF No. 72).

On March 6, 2023, Plaintiff filed a letter advising the Court that Plaintiffs were attempting to schedule depositions, but counsel for Defendants was not answering the phone or responding to emails. (ECF No. 73.) The Court issued an order reminding the parties that discovery would close on March 20, 2023, that no extensions would be granted beyond that date, and that in light of the upcoming deadline, any motions to compel discovery should be filed by March 14, 2023. (ECF No. 74.) The Court further reminded Defendants of their obligation to participate in discovery and to meet Court deadlines. (*Id.*) No motions to compel were filed by March 14, 2023.

Now, two weeks after the close of discovery, Defendants have filed a motion seeking to compel Plaintiffs' deposition testimony. Defendants styled their motion as a motion to compel, but "[a] party ordinarily must file a motion to compel before the close of discovery and if it fails to do so, the motion will be deemed untimely." *Owen v. No Parking Today, Inc.*, 280 F.R.D. 106, 112 (S.D.N.Y. 2011).

To the extent Defendants seek to reopen discovery in order to file a motion to compel, their request is denied. A "party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." *Saray Dokum v. Madeni Aksam Sanayi Turizm A.S.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (citation omitted). A court "may properly deny further discovery if the nonmoving party has had a fully adequate opportunity

2

for discovery." *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). To the extent the court deems it pertinent in analyzing a motion to reopen discovery, it may also consider factors including whether trial is imminent, whether the request is opposed, whether the non-moving party would be prejudiced, whether the moving party was diligent in obtaining discovery, the foreseeability of the need for additional discovery in light of the time allowed for discovery, and the likelihood that the discovery will lead to relevant evidence. *Saray Dokum*, 335 F.R.D. at 52 (citations omitted).

Here, Defendants have not satisfied the good cause standard for reopening discovery. In contrast to a showing of "diligence," Defendants have been consistently dilatory throughout discovery. Despite this being a simple wage and hour case, discovery has been ongoing for over a year, and almost a dozen discovery extensions have already been granted, largely as a result of Defendants' failure to meet the deadlines. Defendants now try to point the finger at Plaintiffs for allegedly "refus[ing] to appear" at what the Court can only assume was a unilaterally scheduled, post-discovery deposition. Defendants' letter fails to note that Plaintiffs have been trying to communicate with Defendants for months in an attempt to schedule depositions. (See ECF No. 73.) Defendants' letter also fails to state why Defendants did not move to compel discovery by the Court-set deadline for such a motion or before the close of discovery. Defendants had "a fully adequate opportunity" to pursue depositions during the discovery period, but they failed to do so. *Saray Dokum*, 335 F.R.D. at 53 (citing *Trebor Sportswear Co.*, 865 F.2d at 511.)

Accordingly, Defendants have not shown that they acted diligently to meet discovery deadlines, and their request to reopen discovery is therefore denied. *See Burlington Coat*

3

*Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985) (denying additional discovery where party "had ample time in which to pursue the discovery"); *Agapito v. AHDS Bagel, LLC,* 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018) (denying motion to reopen discovery where the moving party did not "offer any explanation of why they failed to timely file a motion to compel").

Defendants also have represented that they intend to move for summary judgment. Defendants are reminded that Judge Torres requires pre-motion letters for any motions for summary judgment to be submitted within fourteen days of the close of discovery (i.e. by April 3, 2023). (See ECF No. 75.) To the extent Defendants seek an extension of Judge Torres' deadline to file a pre-motion letter, they should raise that request to Judge Torres.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 76.**

SO ORDERED.

Dated:   April 4, 2023
         New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge